IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE HACKMAN, | ) | No. C 09-3200 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| v. | ) | |
| | ) | |
| ARNOLD SCHWARZENEGGER, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

Plaintiff, a California prisoner, filed this pro se civil rights action under 42 U.S.C § 1983 regarding his safety and medical care at North Kern State Prison and Salinas Valley State Prison.  On the complaint form, Plaintiff states that he did not exhaust his claims to the highest level of appeal through the inmate grievance procedure.  Plaintiff states that he lacked the "cognitive ability" to complete the appeals due to his injury and because the requested relief was not available through the grievance process.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

(1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as  money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Woodford*, 126 S. Ct. at 2387.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. *See Barry v Ratelle*, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where

2

the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.*
at 1120. Here, Plaintiff concedes in his complaint that he has not exhausted his
administrative remedies (Complaint at 2), and no exception to exhaustion is alleged or
apparent in the complaint. Section 1997e(a) requires that Plaintiff present his claim to
each level of administrative review set forth above, including the Director's level of
review, before raising the claim in a § 1983 complaint in federal court. An action must
be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u>
he or she filed suit, even if the prisoner fully exhausts while the suit is pending.
*McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). As it is clear from the
complaint that Plaintiff has not pursued all levels of administrative review available to
him, and there is no applicable exception to the exhaustion requirement, dismissal
without prejudice is appropriate.

      Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
Plaintiff's refiling his claim after all available administrative remedies have been
exhausted. The Clerk shall close the file and enter judgment in favor of Defendants.

      IT IS SO ORDERED.

DATED: <u>December 8, 2009</u>

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVE HACKMAN,

          Plaintiff,

  v.

ARNOLD SCHWARZENEGGER et al,

          Defendant.

_____/

Case Number: CV09-03200 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steve Hackman
CTF North
P.O. Box 705
F21968
Soledad, CA 93960-0705

Dated: December 8, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk